# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Keith H. Washington
   plaintiff

V.

- Alameda County Sheriff Office
- Aramark Corporation
- Sheriff (elect) Yesenia Sanchez
   Defendants

ORDER TO SHOW CAUSE FOR AN EMERGENCY PRELIMINARY <u>INJUNCTION</u>

Civil Action No.

22-cv-06122-HSG

FILED
OCT 31 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

Upon the complaint, the supporting affidavits of the plaintiff, and the memorandum of law submitted herewith, it is:

ORDERED that defendants - Alameda County Sheriff Office, ARAMARK Corporation and Sheriff (elect) Yesenia Sanchez show cause in room _____ of the United States Courthouse, 1301 Clay street, Oakland, CA 94612 on the _____ day of _____ 20__, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them from:

- Delivering Kosher/Halal meals that are not in Full compliance with the Alameda County Religious Meals menu provided by sub-contractor Aramark Corporation. (Ensure that all Kosher/Halal meals are in Full compliance with portions by weight and portions by Volume.

-1-

Emergency Injunction cont..

- ORDER that Kosher/Halal meals must be served and delivered in CLEAN disposable trays or designated trays used for Kosher/Halal food only and that these Kosher/Halal trays are visibly discernible from all other trays which are utilized for NON-Kosher/Halal meals.

- ORDER that In order to maintain the sanctity of the Kosher/Halal meal, the religious meals are to be sealed with plastic and to be delivered in that state.

IT IS FURTHER ORDERED that the Order to Show Cause, and all other papers attached to this application, be served on the aforesaid Defendants by:

Date: _____

_____

Dated _____

_____

United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Keith H. Washington
    plaintiff, pro se

V.

Alameda County Sheriff's Office
ARAMARK Corporation
Sheriff (elect) Yesenia Sanchez
    Defendants

MEMORANDUM OF LAW

Civil Action No.

22-cv-06122-HSG

---

COMES NOW Keith H. Washington plaintiff, pro se, in the above styled case with this his Memorandum of LAW in support of ORDER TO SHOW CAUSE FOR AN EMERGENCY PRELIMINARY INJUNCTION.

### A.) Background

Plaintiff Washington at the Santa Rita Jail located in Dublin, California has been in the custody of the Alameda County Sheriff Office for approximately 7 months.

Plaintiff Washington is a Pre-trial detainee who is awaiting the disposition of pending Federal criminal charges.

Plaintiff Washington has been a member and practicioner of the Islamic Faith for over 20 years. The Kosher/Halal diet meets the required religiou Food intake requirements of the plaintiff's sincerely held Sunni Muslim beliefs.

-1-

Memorandum of LAW cont.    22-cv-06122 HSG

### A.) Background cont..

Plaintiff Washington states for the record that he continues to be subjected to numerous infringements upon his religious practice by Aramark Corporation (the meal and food provider at the jail) and the Alameda County Sheriff Office (the agency in charge of operations at the jail).

Plaintiff Washington asserts that deprivations and deficiencies of adequate portions, amounts by volume and by weight is one way where-by defendants have placed a Substantial Burden on plaintiff Washington's ability to engage in his religious exercise and practice.

These routine deprivations which have been raised in grievances do impact the nutritional and caloric intake values of the Kosher/Halal meal.

Plaintiff Washington states for the record that Aramark Corporation and the Alameda County Sheriff Office have continued to serve the plaintiff's religious Kosher/Halal meal in unclean, and unsanitary hard plastic trays. This not only introduces the dynamic of cross contamination into his religious meal it destroys any semblance of sanctity for the Holy Meal.

These unclean hard plastic trays are used by the general population to prepare meals laden with pork products and other haram (Forbidden Foods). Forcing the plaintiff to constantly violate his sincerely held beliefs — can no longer be tolerated.

-2-

Memorandum of Law cont.. 22-cv-06122-HSG

## B.) Legal Argument

### 1.) Substantial Burden

Section 1983 First Amendment Claims as well as RLUIPA (42 U.S.C. § 2000cc et seq) claims both utilize the Substantial Burden Test in order to determine whether a violation of a plaintiff's religious Free exercise rights has occurred.

Although RLUIPA does not define "Substantial Burden" the statute has been interpreted with reference to the U.S. Supreme Court's Free Exercise Jurisprudence.
See: e.g. 146 Cong. Rec S776 (daily ed. July 27, 2000) - (joint statement of Senators Hatch and Kennedy indicating that Supreme Court Free exercise jurisprudence was a proper interpretational guide for RLUIPA.)

Section 3 of RLUIPA provides that:

"No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... even if the burden results from a rule of general applicability- unless the government demonstrates that imposition of the burden on that person:
(1) is in furtherance of a compelling governmental interest; and
(2.) is the least restrictive means of furthering that compelling governmental interest."
THIS LAW IS CLEARLY Established.

-3-

Memorandum of Law cont... 22-cv-06122-HSG

B.) <u>Legal Argument</u> cont...

Plaintiff Washington argues that his religious exercise is substantially burdened by the defendants when they routinely deliver Kosher/Halal meals in visually filthy and unclean hard plastic trays.

The Substantial Burden is exacerbated when defendants deliver Kosher/Halal meals that do not have the designated portions and/or amounts of food per the Alameda County Religious Meals Menu.

Everyday plaintiff Washington is forced to choose between his health & safety, adequate nutrition and following the tenets of his religion.

See: <u>Thomas v. Review Bd. 450 U.S. 707, 101 S. Ct. 1425, 67 L. Ed. 2d 624 (1981)</u>

The U.S. Supreme Court's decision in <u>Thomas</u> teaches that government conduct is Substantially Burdensome:

"When it puts substantial pressure on a adherent to modify his behavior and violate his beliefs."

This opinion by the highest court in the land is tailor made for the plaintiff's current argument.

The 9th Circuit has commented on issues related to plaintiff's allegations

-4-

Memorandum of Law cont... 22-cv-06122-HSG

B.) <u>Legal Argument</u> cont...

See: <u>McElya v. Babbitt, 833 F.2d 196, 198 (9th Cir.) (1987)</u>

"*Inmates have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." end of quote

In this vein plaintiff Washington points to a passage in the Holy Quran Surah 5 Ayat 3

"Forbidden to you are carrion, blood and swine; what is slaughtered in the name of any other God; what is killed by strangling, beating, a fall, or by being gored to death; what is partly eaten by a predator unless you slaughter it; and what is sacrificed on altars." end of quote

Plaintiff Washington states that Aramark regularly defiles his religious diet by the act of cross contamination.

C.) <u>Irreparable Harm / Actual Injury</u>

Plaintiff Washington is asserting a claim for a violation of his First Amendment Rights. The deprivation of First Amendment Rights entitles plaintiff Washington to judicial relief wholly aside from any physical injury he can show or any mental or emotional injury.

See: <u>Canell v. Lightner, 143 F.3d. 1210 (9th Cir)(1998)</u>

-5-

Memorandum of Law cont... 22-cv-06122-HSG

### C.) Irreparable Harm/Actual Injury

Plaintiff Washington is not a board certified attorney and only has a rudimentary understanding of the law.

Plaintiff Washington has utilized the jail grievance system and <u>attempted</u> to exhaust all administrative remedies in regard to the violation and infringement upon his First Amendment Free Exercise Rights.

<u>Note:</u> The Grievance Unit @ Santa Rita Jail has attempted and in some cases succeeded in obstructing plaintiff's attempts to exhaust Administrative Remedies!
See Grievance # 203569412 (submitted August 21, 2022) (available via Discovery Motion)

Plaintiff Washington believes that he is entitled to EMERGENCY INJUNCTIVE RELIEF because everytime he is forced to eat a Kosher/Halal meal on a unclean plastic hard tray it violates his Religious Rights as well as his Constitutional Free Exercise Rights.

The same holds true when the plaintiff is forced to choose between Adequate Nutrition and Following the tenets of his Faith.

Plaintiff Washington states clearly that ALL Defendants to include Sheriff (elect) Yesenia Sanchez knew they were acting illegally and therefore should be held liable.

-6-

Memorandum of Law cont... 22-cv-06122-HSG

### C.) Irreparable Harm / Actual Injury

See: Saucier v. Katz, 533 U.S. 194 (2001) and Harlow v. Fitzgerald, 457 U.S. 800 (1982)

With this Memorandum of Law and the attached affidavits/declaration- plaintiff Washington truly believes that he has shown that he has suffered and continues to suffer a Actual Injury. IF this Honorable Court does not intervene immediately the chance of further Constitutional injury is imminent!

See: Lewis v. Casey, 518 U.S. 343 (1996)

Plaintiff Washington is likely to show at trial that the defendants violated his rights. The violations of plaintiff Washington's Rights may never be fixed if the Court does not Grant and ORDER an Emergency Preliminary Injunction.

A Emergency Preliminary Injunction will most certainly serve the public interest.

The threat of harm that Plaintiff Washington faces in regard to the violation of his religious rights is greater than the harm jail officials will face if plaintiff gets an Emergency Preliminary Injunction.

### D.) PRAYER FOR RELIEF

With these Legal Arguments in mind Plaintiff Washington prays that this Honorable Court will GRANT the following relief:

-7-

Memorandum of Law cont.. 22-cv-06122-HSG

## D.) PRAYER FOR RELIEF

1.) ORDER Aramark and the Alameda County Sheriff's Office to Deliver Kosher/Halal meals that are in Full compliance with the Alameda County Religious Meals Menu provided by subcontractor Aramark Corporation. *(Ensure that all Kosher/Halal meals are prepared in Full compliance with portions by weight & volume.

2.) ORDER that Kosher/Halal meals must be served and delivered in CLEAN disposable trays or designated trays used For Kosher/Halal Food ONLY and that these designated trays used For Kosher/Halal Food only are visibly discernible by color from other trays which are utilized For non-Kosher/Halal meals.

3.) ORDER Kosher/Halal meals are to be sealed with plastic and to be delivered in that state inorder to protect and maintain the sanctity of the Religious Meal.

## E.) Final Thought

See: Johnson v. Baker, 23 F. 4th 1209 (9th Cir) 2022

"No one would deny that depriving Johnson of 34 out of 35 adequate meals would be a substantial burden. Or that providing Johnson with sufficient clothing only once every 35 days would be a Substantial burden." end of quote

I declare under penalty of perjury that the Foregoing is true and correct executed on October 15th, 2022 at Dublin, California.

x _Keith H. Washington_
Keith H. Washington, Pro Se

- 8 -