UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH HARRY WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFF OFFICE, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-06122-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee housed at Santa Rita County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The amended complaint names as defendants the Alameda County Sheriff's Office ("ACSO"), which operates Santa Rita Jail; Aramark Corporation ("Aramark"), which provides all the meals to inmates; and Alameda County sheriff-elect Yesenia Sanchez.

The complaint makes the following allegations. Upon his arrival at Santa Rita Jail on March 21, 2022, Plaintiff requested a kosher/halal diet, which he alleges is his "religious diet." The meals provided by Santa Rita Jail are prepared by defendant Aramark and served by Alameda County Sheriff's deputies. On or around July 19, 2022, Plaintiff received his first kosher/halal meal. The kosher/halal meals are delivered in unclean trays which introduce non-kosher/halal items into Plaintiff's meals, thus violating Plaintiff's religious tenets. In addition, the kosher/halal meals are lacking in portion size. Plaintiff must therefore choose between adequate nutrition and following his faith. Plaintiff has filed grievances regarding the problems with the kosher/halal meals and the Alameda County Sheriff's Office has furthered the constitutional violation by failing to resolve the issues. *See generally* Dkt. No. 1.

**C.     Dismissal with Leave to Amend**

The complaint is DISMISSED with leave to amend because Plaintiff has not alleged a violation of either the federal constitution or federal law, or referenced the federal constitution or federal law. The complaint also does not identify what religion Plaintiff observes that requires the kosher/halal diet. In Plaintiff's request for an emergency preliminary injunction, Dkt. No. 4,

Plaintiff states that he is a Sunni Muslim and that he believes that the kosher/halal meals served him constitute a substantial burden on his religious practice under both the First Amendment and the Religious Land Use and Institutionalized Persons Act. *See* Dkt. No. 4 at 1, 5. However, the Court cannot piece together legal causes of actions from other pleadings. Plaintiff can easily remedy the above-identified deficiencies, and may do so by filing an amended complaint that, in the amended complaint, specifies the legal causes of action that Plaintiff wishes to bring and identifying the federal constitutional provisions or laws violated by Defendants' actions or inactions. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

### D.   *Ex Parte* Request for Emergency Preliminary Injunction

Plaintiff has filed a request seeking an emergency preliminary injunction *ex parte*, Dkt. No. 4, which consists of a proposed order to show cause, Dkt. No. 4 at 1-2, and a memorandum of law in support of the request, Dkt. No. 4 at 3-10.

The memorandum of law alleges that Defendants have placed a substantial burden on Plaintiff's ability to practice by providing kosher/halal meals, which meet the tenets of Plaintiff's Sunni Muslim faith, that are inadequate in portion size and are served on dirty trays which cause the meals to be cross-contaminated with non-kosher/halal items. Plaintiff seeks an emergency preliminary injunction requiring Defendants to (1) deliver kosher/halal meals that are in full compliance with the Alameda County Religious meals menu provided by sub-contractor Aramark Corporation; (2) serve these meals either on clean disposable trays or on trays designated for kosher/halal foods and visibly distinct from trays used for non-kosher/halal meals; and (3) seal religious meals in plastic and deliver the meals to inmates sealed. *See generally* Dkt. No. 4.

Fed. R. Civ. P. 65(b) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not

be required.  *See* Fed. R. Civ. P. 65(b).  Plaintiff's emergency preliminary injunction request fails to provide reasons why notice need not be given to Defendants prior to issuing an emergency preliminary injunction.  The Court DENIES the request for an *ex parte* emergency preliminary injunction without prejudice to Plaintiff re-filing such a request after there is an operative complaint and Defendants have appeared in the case.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES without prejudice Plaintiff's *ex parte* request for an emergency preliminary injunction.  Dkt. No. 4.

2. The Court DISMISSES the complaint with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 22-06122 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates Dkt. No. 4.

**IT IS SO ORDERED.**

Dated: 7/10/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge